UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lawrence Thomas,<br><br>            Petitioner<br><br>— against —<br><br>United States of America,<br><br>            Respondent. | 13-CR-158 (ARR)<br>16-CV-3171 (ARR)<br><br>**Opinion & Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

Petitioner, Lawrence Thomas, brings this petition under 28 U.S.C. § 2255 to vacate his count of conviction under 18 U.S.C. § 924(c)(1)(A) pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (hereinafter "*2015 Johnson*"), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). For the reasons that follow, I deny Thomas's § 2255 petition.

## BACKGROUND

The federal criminal charges against Thomas stemmed from his role in the robberies of two branches of Apple Bank in Brooklyn in February 2011. Thomas pleaded guilty to three counts: two counts of bank robbery in violation of both 18 U.S.C. § 2113(a) and § 2113(d), as well as one count of using and carrying a firearm in relation to a "crime of violence"—the first of the two bank robberies—in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* J. of Conviction 1, ECF No. 51.[1] I sentenced Thomas to concurrent sentences of 30 months of imprisonment on the bank robbery counts, followed by a consecutive 60 months of imprisonment on the 924(c) count, for a total prison sentence of 90 months. *Id.* at 2. Thomas's projected release date is October 22, 2019.[2]

---

[1] All citations to documents posted on ECF are to the docket of case no. 13-CR-158.

[2] *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (inmate number 01237-158) (last accessed June 22, 2018).

1

On June 16, 2016, Thomas timely filed the present petition pursuant to 28 U.S.C. § 2255.[3] *See* Pet., ECF No. 63. At his request, I initially stayed this petition. Sept. 27, 2016 Order. I lifted this stay, however, after the Supreme Court's decision in *Dimaya*. April 18, 2018 Order.

Thomas seeks to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence because bank robbery under 18 U.S.C. § 2113 is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). Mem. of Law in Supp. of Lawrence Thomas's § 2255 Pet. 2–7, ECF No. 70 ("Pet'r Mem. of Law"). The government argues in response that Thomas's conviction for bank robbery satisfies 924(c)(3)'s "force clause." Mem. of Law in Opp'n to Mot. to Vacate Conviction 3–7, ECF No. 72 ("Gov't Opp'n"). The government also notes its position that Thomas's plea agreement waived his right to collaterally challenge his conviction. *Id.* at 2. It, nevertheless, does not rely on the plea agreement to foreclose Thomas's challenge given my prior decision in *United States v. Leyones*, 10-CR-743, 2018 WL1033245 (E.D.N.Y. Feb. 22, 2018), and what it characterizes as "Thomas's clear failure on the merits." Gov't Opp'n 2 n.1.[4]

## DISCUSSION

Section 924(c) criminalizes "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). This statute defines a "crime of violence" as "a felony" that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "by its

---

[3] Thomas's petition is timely because it was filed within one year of the date *2015 Johnson* was decided—June 26, 2015. *See* 28 U.S.C. § 2255(f)(3) (providing that a petition is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court").

[4] As the government does not rely on Thomas's purported waiver of his right to bring a habeas petition in his plea agreement—and Thomas's claim fails on the merits in any event—I will not discuss it below. But, as I have previously expressed, I have "serious doubts" about the enforceability of such a waiver given that Thomas claims that he was "convicted of an act that the law does not make criminal." *Leyones*, 2018 WL1033245, at *3.

2

nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). I will refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

Thomas argues that his § 924(c) count of conviction should be vacated because bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d) are not "crimes of violence" as defined by 18 U.S.C. § 924(c)(3). To prevail on this claim, he must show that these crimes fall under *neither* the force clause *nor* the residual clause. But he cannot do so. I will assume for the purposes of deciding this § 2255 petition that *Dimaya* invalidated § 924(c)'s residual clause as unconstitutionally vague.[5] Nevertheless, all relevant authority, including Second Circuit precedent,

---

[5] In *Dimaya*, the Supreme Court held that a "straightforward application" of its decision in *2015 Johnson*, which held that the similarly phrased residual clause of the Armed Career Criminal Act (ACCA) was void for vagueness, meant that 18 U.S.C. § 16(b) also violates due process. 138 S. Ct. at 1213. This is because "§ 16(b) has the same '[t]wo features' that 'conspire[d] to make [ACCA's residual clause] unconstitutionally vague.'" *Id.* at 1215 (alterations in original) (quoting *Johnson*, 135 S. Ct. at 2557). Just like ACCA's residual clause, § 16(b) "'requires a court to picture the kind of conduct that the crime involves "in the ordinary case," and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk." *Id.* at 1216 (quoting *Johnson*, 135 S. Ct. at 2556–57). 924(c)(3)(b) shares "the same two features . . . , combined in the same constitutionally problematic way." *Id.* at 1213. Indeed, while there are some differences between the language of the ACCA's residual clause and § 16(b), *see id.* at 1218, § 16(b) "contains virtually identical language to § 924(c)(3)." *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006).

The government contends that § 924(c)(3)(B) is nonetheless distinguishable from § 16(b) because, unlike §16(b), "18 U.S.C. § 924(c)(3)(B) requires an 'underlying conduct' approach focused on the facts—not a 'categorical' approach focused on the crime's elements." Gov't Opp'n 3 n.1. If this argument is correct, then § 924(c)'s residual clause does not suffer from one of the two infirmities that the Supreme Court has held makes the residual clauses of both the ACCA and § 16(b) unconstitutionally vague: it does not "require[] a court to ask whether 'the ordinary case' of an offense poses the requisite risk." *Dimaya*, 138 S. Ct. at 1211 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). And both *Dimaya* and *Johnson* made it clear that the other infirmity that the Court identified—the use of "imprecise terms like 'serious potential risk' . . . or 'substantial risk'"—"would not have violated the void-for-vagueness doctrine" by itself. *Id.* at 1214; *accord Johnson*, 135 S. Ct. at 2561. But, although "this issue is currently being litigated before the Second Circuit," Gov't Opp'n 3 n.1, the government's argument is presently foreclosed. The Second Circuit has repeatedly stated that courts should employ the categorical approach in determining whether an offense is a crime of violence under 924(c). *See United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018); *United States v. Ivezaj*, 568 F.3d 88, 95 (2d Cir. 2009); *Acosta*, 470 F.3d at 135. Indeed, the entire discussion in *Hill* is predicated on applying the categorical approach to 924(c). *See Hill*, 890 F.3d at 56–58.

3

indicates that § 2113(a) and § 2113(d) fall within the scope of the force clause of § 924(c)(3)(A). And, as I explain below, I concur with this consensus—at least as to § 2113(d).

### A. *The overwhelming weight of authority indicates that § 2113(a) and § 2113(d) are crimes of violence under § 924(c)'s force clause.*

In another 2015 case titled *Johnson* (hereinafter "*Leonard Johnson*"), the Second Circuit considered a § 2255 petition by a criminal defendant who — like Thomas — was convicted of both bank robbery under § 2113(a) and § 2113(d), as well as using and carrying a firearm in relation to a crime of violence under § 924(c). *Leonard Johnson v. United States*, 779 F.3d 125 (2d Cir. 2015). As was the case here, bank robbery under § 2113 constituted the "crime of violence" that served as the predicate for Leonard Johnson's § 924(c) conviction. He challenged his conviction on the § 924(c) count because the predicate crime of violence—his conviction under § 2113(a)—was vacated on a prior appeal as a lesser-included offense that should have merged into his conviction for § 2113(d). *Id.* at 127. The court rejected this challenge, holding that "§ 924(c) requires only that the predicate crime of violence" was committed, not that a defendant was convicted of such a predicate offense. *Id.* at 129–30. In reaching this conclusion and affirming the denial of the § 2255 petition, the Second Circuit stated that "[a]mong the crimes of violence that may serve as a predicate for a § 924(c) conviction are the bank robbery and armed bank robbery offenses [of § 2113(a) and § 2113(d)]." *Id.* at 128. This is because bank robbery under § 2113(a) and armed bank robbery under § 2113(d) constitute felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," and thus falls under the definition of crime of violence in the force clause of § 924(c)(3)(A). *Id.* at 128−29; *see also Killion v. United States*, __ F. App'x __, 2018 WL 1415137 (2d Cir. Mar. 22, 2018) (summary order) (holding § 2113(a) and § 2113(d) qualify as "violent felonies" under the ACCA's similarly-worded force clause).

Petitioner points out that *Leonard Johnson*'s discussion of the issue presented by this case was merely dicta. *See* Pet'r Mem. of Law 3 n. 1. The question in *Leonard Johnson* was whether a defendant

4

could be convicted under § 924(c) when he committed but was not convicted of an underlying crime of violence. Thus, while it was necessary for § 2113(a) to be considered a "crime of violence" for the Second Circuit to reach the conclusion it did—affirming the denial of the § 2255 petition—this statute could have constituted a crime of violence under § 924(c)'s residual clause instead of § 924(c)'s force clause. Indeed, as *Leonard Johnson* was decided several months before the Supreme Court's decision in *2015 Johnson* cast doubt on the constitutionality of § 924(c)'s residual clause, the *Leonard Johnson* court was likely not attuned to this distinction. Its statements in this regard are therefore persuasive, but not binding on district courts. *See* Pierre N. Leval, *Judging Under The Constitution: Dicta About Dicta*, 81 N.Y.U. L. Rev. 1249, 1256 (2006) (defining dictum as "an assertion . . . which does not explain why the court's judgment goes in favor of the winner. If the court's judgment and the reasoning which supports it would remain unchanged, regardless of the proposition in question, that proposition plays no role in explaining why the judgment goes for the winner.")

Nevertheless, although they are not binding, the Second Circuit's statements in *Leonard Johnson* are in accordance with the overwhelming weight of authority. In fact, as far as I could determine, every federal court of appeals to explicitly rule on the issue since *2015 Johnson* has held that § 2113(a) and § 2113(d) are crimes of violence under 924(c)'s force clause. *See United States v. Watson*, 881 F.3d 784, 784 (9th Cir. 2018) (*per curiam*); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *United States v. Armour*, 840 F.3d 904, 908 (7th Cir. 2016); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *see also United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018) (holding that federal bank robbery under § 2113 qualifies as a crime of violence under the Career Offender Guideline's almost identically worded force clause); *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017) (same); *United States v. Brewer*, 848 F.3d 711, 713–16 (5th Cir. 2017) (same); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (same). In addition, the Second Circuit has held that Hobbs Act Robbery—which has similar elements to federal bank robbery—is a crime of violence

5

under § 924(c)'s force clause. *See Hill*, 890 F.3d at 56–58; *see also United States v. Pena*, 161 F. Supp. 3d 268, 274–75 (S.D.N.Y. 2016) (noting the similarity between Hobbs Act Robbery and federal bank robbery under 18 U.S.C. § 2113(a)). Petitioner has not pointed me to any contrary caselaw.

The Fourth Circuit has explained the point clearly:

> Armed bank robbery under § 2113(d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery. The fourth element is drawn from § 2113(d). . . .
>
> Our sister circuits have uniformly ruled that other federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. . . . The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. . . . Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*McNeal*, 818 F.3d at 152–53 (internal citations omitted).

### B. *§ 2113(d) is categorically a crime of violence under § 924(c)(3)'s force clause.*

Thomas nonetheless argues that § 2113(a) and § 2113(d) are not crimes of violence under § 924(c)'s force clause because the minimum criminal conduct necessary for conviction under these statutes does not involve the use, attempted use or threatened use of physical force. Pet'r Mem. of Law 3–6. For this proposition, he relies on yet another case called *Johnson* (hereinafter "*2010 Johnson*"), dealing with a similarly worded provision of the ACCA. *See id.* at 4. In *2010 Johnson*, the Supreme Court made clear that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). But, according to petitioner,

6

the minimum criminal activity proscribed by § 2113(a)—"the taking of property 'by intimidation'"—and by § 2113(d)—"the placement of another person in jeopardy through 'the use of a dangerous weapon'"—"fail to satisfy § 924(c)(3)(A)'s requirement of [the use, attempted use, or threatened use of] 'violent force.'" Pet'r Mem. of Law 4–5.

Specifically, Thomas argues that bank robbery by intimidation can be accomplished by "intellectual or emotional force" without the use of physical force. *Id.* at 5. In support, he cites to two cases where federal courts of appeals have upheld convictions under § 2113(a) when defendants have passed bank tellers a note demanding money without "display[ing] a weapon or threaten[ing] bodily harm." *Id.* (citing *United States v. Henson*, 945 F.2d 430, 439 (1st Cir. 1991) and *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). He further argues that intimidation can "involve the threatened use of force *below* the threshold required to establish a threat of 'violent force.'" *Id.* For example, "[a] defendant might threaten to push a bank teller's hand out of the way if the teller refuses to move his hand from the money drawer. *Id.* at 5–6 (citing *United States v. O'Bryan*, 42 F.3d 1407, at *1–2 (10th Cir. 1994) (unpublished opinion)).

Thomas also argues that § 2113(d) does not necessarily involve the use of "violent force" either, despite its addition of a "'use of a dangerous weapon' requirement." *Id.* at 6. He notes that "[a] defendant is not required to display or brandish a gun in order to 'use' it during a robbery," and that "unloaded and even toy guns are considered dangerous weapons sufficient to satisfy § 2113(d)." *Id.* (citing *McLaughlin v. United States*, 476 U.S. 16 (1986); *United States v. Wolfe*, 245 F.3d 257, 263 (3d Cir. 2001); and *United States v. Cannon*, 903 F.2d 849, 854–55 (1st Cir. 1990)).

In order to determine whether an offense is a crime of violence under 924(c), courts in the Second Circuit "employ a 'categorical approach.'" *Ivezaj*, 568 F.3d at 95 (quoting *Acosta*, 470 F.3d at 135). This approach "focus[es] on the intrinsic nature of the offense rather than on the circumstances of a particular crime." *Id.* (quoting *Acosta*, 470 F.3d at 135). In so doing, courts

7

"examine what the [offense] necessarily involved, not the facts underlying the case," and thus "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (second and third alterations in original) (quoting *2010 Johnson*, 559 U.S at 137). Accordingly, an offense is a crime of violence within the meaning of § 924(c)(3)'s force clause only if it *necessarily* involves the use, attempted use, or threatened use of physical force against the person or property of another. *See id.* at 190; *see also, e.g.*, *Hill*, 890 F.3d at 56 (analyzing whether the "minimum conduct necessary" for a conviction of Hobbs Act robbery "amounts to a crime of violence under § 924(c)(3)(A)"). Importantly, however, "our focus on the minimum conduct criminalized by the . . . statute is not an invitation to apply 'legal imagination' to the . . . offense; there must be 'a realistic probability, not a theoretical possibility, that the [government] would apply its statute to conduct that falls outside [of 924 (c)(3)'s force clause].'" *Moncrieffe*, 569 U.S. at 191 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). "To show that realistic probability," a defendant may "point to his own case or other cases in which the . . . courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193.

Despite the heavy weight of authority to the contrary, petitioner raises a colorable argument that § 2113(a) is not categorically a crime of violence under § 924(c)(3)'s force clause. Thomas points to two cases where federal courts of appeals have upheld convictions under § 2113(a) on evidence of "intimidation" that would arguably not constitute the use, attempted use, or threatened use of physical force under *2010 Johnson*'s definition of "physical force." While the bank tellers testified to being nervous or frightened in *Henson* and *Hopkins*, the defendants in both cases simply handed the tellers notes demanding money and—in *Hopkins*—stating "[t]his is a robbery." *Henson*, 945 F.2d at 439; *Hopkins*, 703 F.2d at 1103. In *Henson*, the court noted that "no weapon was displayed and no threat of bodily harm was expressed." 945 F.2d at 439. And in *Hopkins*, the defendant "spoke

8

calmly, made no threats, and was clearly unarmed." 703 F.2d at 1103. It is not self-evident that simply handing a bank teller a note demanding money constitutes the threatened use of "force capable of causing physical pain or injury to another person." *2010 Johnson*, 559 U.S. at 140. *But see, e.g.*, *Armour*, 840 F.3d at 909 (holding that bank robbery by intimidation rises to this level because "[a] bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying [*2010*] *Johnson*").

I need not resolve the question of whether § 2113(a) is categorically a crime of violence here, however, because § 2113(d) is. Although § 2113(d) can be carried out by "assault"—*i.e.*, an intentional attempt or threat to inflict bodily injury—"[u]nder § 2113(d), the 'assault' putting the victim in fear must be 'by the use of a dangerous weapon or device.'" *Armour*, 840 F.3d at 909. It is hard to understand how the minimum conduct required for a conviction under § 2113(d)—which Thomas states "is the placement of another person in jeopardy through 'the use of a dangerous weapon,'" Pet'r Mem. of Law at 4–5—would not constitute at least the "attempted use or threatened use of physical force" within the meaning of *2010 Johnson*.

None of the three cases cited by Thomas where federal courts have upheld a conviction under § 2113(d) support a contrary conclusion. In *Wolfe*, the defendant "told the teller no less than three times that he had a gun and that he would use it," although he never actually displayed a firearm. 245 F.3d at 263. In *Cannon*, witnesses testified that the bank robber was armed, although there was some evidence that the defendant had in fact used a black "plastic gun in the robbery." 903 F.2d at 854. And in *McLaughlin*, the defendant "displayed a dark handgun and ordered everyone in the bank to put his hands up and not to move," even though it later turned out that his "gun was not loaded." 476 U.S. at 16. But it is immaterial whether Wolfe actually possessed a gun, Cannon's gun was fake, or McLaughlin's gun was loaded; the important point is that in each of these instances, the defendants threatened to use "force capable of causing physical pain or injury to another

9

person." *2010 Johnson*, 559 U.S. at 140. As Thomas has failed to point to any case in which the minimum conduct required for conviction under § 2113(d) did not satisfy 924(c)(3)'s force clause, he has failed to show that there is a "realistic probability" that § 2113(d) would be applied to conduct that falls outside of § 924 (c)(3)'s force clause. *Moncrieffe*, 569 U.S. at 191.

In sum, I conclude that armed bank robbery under § 2113(d) is categorically a crime of violence for the purposes of § 924(c)'s force clause. As Thomas was convicted of both bank robbery under both § 2113(a) *and* armed bank robbery under § 2113(d)—§ 2113(a) being a lesser-included offense of § 2113(d)—his challenge to his § 924(c) count of conviction fails.

## CONCLUSION

For the foregoing reasons, Lawrence Thomas's § 2255 petition is denied. Further, because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue, although Thomas may make such an application to the Second Circuit.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   June 22, 2018
         Brooklyn, New York